# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VICTORIA PERALES, on her own
behalf and on behalf of others similarly
situated,

        Plaintiff,        **CASE NO.:**

vs.

SIMPLY RIGHT, INC., a Florida Profit
Corporation

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VICTORIA PERALES, ("Plaintiff"), on behalf of herself and all similarly situated employees, by and through undersigned counsel, brings this collective action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. 216(b) (the "FLSA") against SIMPLY RIGHT, INC. (the "Company"), a Florida Corporation, and alleges:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover overtime, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs and relief as available under Florida common law.

2. The jurisdiction of the Court over this controversy is pursuant to 28 U.S.C. §1331 and the FLSA and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court because the violations of the FLSA occurred in this Judicial District.

## PARTIES

4. Plaintiff was employed by the Defendant to perform janitorial services from approximately November 2012 through January 2017.

5. Plaintiff performed janitorial services for the Defendant within the last three years in Hillsborough County, Florida.

6. Defendant, SIMPLY RIGHT, INC., a Florida Profit Corporation, is a cleaning company licensed to do business in Florida. SIMPLY RIGHT, INC., operates their business in Tampa, Florida. Therefore, venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(b)(1) & (c).

## STATEMENT OF FACTS

7. This action is brought under the FLSA to recover from Defendant unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

9. At all material times during the last three years, Defendant, SIMPLY RIGHT, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

10. Defendant operates a cleaning company offering janitorial services to its customers in, among other locations, Tampa, Florida.

11. At all material times during the last three years, Defendant, SIMPLY RIGHT, INC., was an employer as defined by 29 U.S.C. §203(d).

12. At all material times during the last three years, Defendant, SIMPLY RIGHT, INC.,

has had an annual gross volume of sales of over five-hundred thousand and 0/100 dollars ($500,000.00).

13. Plaintiff worked for the Defendant from approximately November 2012 through January 2017.

14. By Plaintiff's estimates, she routinely worked more than 45 hours or more in a work week.

15. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

16. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

17. Plaintiff was never paid at one and one half times her regular rate of pay for all hours worked over forty.

18. Upon information and belief, many of the records, to the extent that any exist concerning the number of hours worked and amounts paid to Plaintiff, are in the possession, custody and control of the Defendant.

19. Upon information and belief, Defendant did not rely on any Department of Labor Wage and Hour Opinions or the advice of an attorney in creating its pay policies.

20. Defendant knew or should have known with reasonable diligence that its conduct violated the Fair Labor Standards Act.

21. All conditions precedent to this action have been met or have been waived.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-

21 above.

23. Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

24. During her employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

25. As a janitor, Plaintiff did not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

26. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

27. Defendant was aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

28. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

29. Defendant failed to post required FLSA informational listings as required by the FLSA.

30. Defendant's conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

31. Defendant willfully violated the FLSA.

32. Plaintiff is entitled to liquidated damages.

33. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her but Defendant failed to pay her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## COUNT II - COLLECTIVE ACTION
## RECOVERY OF OVERTIME

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above.

35. At all times material, Defendant employed numerous other non-exempt employees who worked as janitors and who worked a substantial number of hours in excess of forty (40) per week.

36. Throughout their employment, those janitors similarly situated to Plaintiff were subject to the same unlawful pay practices.

37. Defendant failed to pay those individuals, who are similarly situated to Plaintiff, one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in each week, in violation of the FLSA.

38. Defendant's failure to pay such similarly situated individuals the required overtime rate was willful and in reckless disregard of the FLSA.

39. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff demands that similarly situated employees have judgment entered against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked over forty for which Defendant failed to pay them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated this day 4th day of April 2018.

                                        MORGAN & MORGAN, P.A.

**/s/ *Marc R. Edelman*** 
MARC R. EDELMAN, ESQ. 
Fla. Bar No. 0096342 
Morgan & Morgan, P.A. 
201 N. Franklin Street, #600 
Tampa, FL 33602 
Telephone 813-223-5505 
Fax:  813-257-0572 
Email: Medelman@forthepeople.com 
Attorney for Plaintiff