**UNITED STATED DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VICTORIA PERALES, on own behalf and on behalf of others similarly situated,

Plaintiffs,

vs. CASE NO.: 8:18-cv-00814-CEH-TGH

SIMPLY RIGHT, INC., a Foreign Profit Corporation,

Defendant.
_______________________________________/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND ENTRY OF AN ORDER OF DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

## I. INTRODUCTION

Plaintiffs, VICTORIA PERALES, KRISTINA WHITE, JUAN GUERRERO, DEANNA GUERRERO, and MARIA PERALES CAMACHO (collectively, "Plaintiffs"), and Defendant, SIMPLY RIGHT, INC. ("Defendant"), (collectively, the "Parties") jointly move the Court for approval of the Settlement Agreement and Release of Claims entered into in this action (the "Agreement" or the "Settlement Agreement") and entry of an order of dismissal with prejudice. The parties have engaged in extensive settlement negotiations, including a half-day mediation with an experienced mediator, and have agreed that the terms reflected in the Agreement are mutually satisfactory and represent a reasonable compromise of the claims of the Plaintiffs for the claims asserted. The Court's approval and entry of an order of dismissal with prejudice will consummate the Agreement between the Parties. The grounds for this joint motion are set forth below and in the following memorandum of law.

## II. FACTUAL BACKGROUND

On April 4, 2018, Plaintiff, VICTORIA PERALES, filed this action (the "Lawsuit") against Defendant, in which she alleged that Defendant violated the Fair Labor Standards Act (the "FLSA"). Plaintiffs, VICTORIA PERALES, KRISTINA WHITE, JUAN GUERRERO, , DEANNA GUERRERO, and MARIA PERALES CAMACHO, opted into this matter at its commencement or shortly thereafter. All Plaintiffs claim that Defendant violated the Fair Labor Standards Act by failing to pay Plaintiffs overtime compensation for hours they worked in excess of 40 in a workweek during a period of time during their employment with Defendant as additional "off-the-clock" overtime hours which were not recorded. Defendant unequivocally denied (and continue to deny) the allegations of the Complaint, and maintain that Plaintiffs were instructed to report and did, in fact, report all hours worked, including any overtime hours worked, Plaintiffs recorded all of their time at issue and turned in their time through the electronic time recording system and/or were paid the full amount of their shift when they failed to supply time records, and Plaintiffs never gave notice of any additional hours they was working.

Through their respective counsel, the Parties engaged in extensive settlement negotiations and Defendant shared voluminous data with Plaintiffs relating to the pay and time records of Plaintiffs and electronic communications related thereto. Plaintiffs' counsel engaged in an extensive analysis of these documents, and determined the maximum exposure with respect to Plaintiffs. At the conclusion of several months of arms-length negotiations, including a half day of mediation before experienced employment mediator Mark Hanley, the Parties reached an agreement as to the material terms of the settlement shortly after mediation by their own accord.

The terms of the settlement reached between the Parties were agreed to by and through counsel after consent to same by their respective clients, which provides for a total of $15,000.00 in payments to resolve the case. After adjusting for the final costs of mediation that are to be borne by each party and the litigation, the settlement sum was to be divided as follows: all payments are to be made within 14 days following entry of the Court's Order approving settlement, the gross amount of $15,000.00, as paid out as follows:

1. One check made payable to Plaintiff, VICTORIA PERALES, in the amount of $2,500.00, with payroll taxes withheld, representing unpaid overtime wages.

2. A second check made payable to Plaintiff, VICTORIA PERALES, in the amount of $2,500.00, with no payroll taxes withheld, representing liquidated damages.

3. One check made payable to Plaintiff, KRISTINA WHITE, in the amount of $250.00, with payroll taxes withheld, representing unpaid overtime wages.

4. A second check made payable to Plaintiff, KRISTINA WHITE, in the amount of $250.00, with no payroll taxes withheld, representing liquidated damages.

5. One check made payable to Plaintiff, JUAN GUERRERO, in the amount of $250.00, with payroll taxes withheld, representing unpaid overtime wages.

6. A second check made payable to Plaintiff, JUAN GUERRERO, in the amount of $250.00, with no payroll taxes withheld, representing liquidated damages.

7. One check made payable to Plaintiff, DEANNA GUERRERO, in the amount of $250.00, with payroll taxes withheld, representing unpaid overtime wages.

8. A second check made payable to Plaintiff, DEANNA GUERRERO, in the amount of $250.00, with no payroll taxes withheld, representing liquidated damages.

9. One check made payable to Plaintiff, MARIA PERALES CAMACHO, in the amount of $250.00, with payroll taxes withheld, representing unpaid overtime wages.

10. A second check made payable to Plaintiff, MARIA PERALES CAMACHO, in the amount of $250.00, with no payroll taxes withheld, representing liquidated damages.

11. A check made payable to Morgan & Morgan Tampa, P.A. in the amount of $8,000.00 for attorney's fees and costs incurred by that firm representing the Plaintiffs in the Lawsuit.

The total costs associated with the action that were incurred by Morgan & Morgan Tampa, P.A. on behalf of the Plaintiffs were $1,687.15. The total attorney's fees incurred by Morgan & Morgan Tampa, P.A. in this matter was $9,375, which were compromised as part of the settlement process. Morgan & Morgan Tampa, P.A. agreed to reduce its total attorney's fees so as to ensure that the Plaintiffs would be made whole on their claims in light of the ability of the Defendant to fund the settlement given their present financial position. Given the amount of the reduction and the total amount of attorney's fees incurred to date, the reduction of the attorney's fees did not present a conflict of interest for Morgan & Morgan Tampa, P.A. in the circumstances of this case.

Although the Defendant vehemently denies any liability in this matter, in the interest of resolution, and in light of the uncertainties of litigation, the Defendant agreed as part of the settlement to pay: 1) Plaintiffs, MARIA PERALES, KRISTINA WHITE, JUAN GUERRERO, and DEANNA GUERRERO, for an estimated amount of overtime wages for 20.5 hours of overtime during the period of time where overtime was not being reported, plus 50% of liquidated damages for a two-year statute of limitations period as such wages did not occur beyond that period of time. This, despite the fact that no element of willfulness had yet been proven in this matter, and Defendant denies that same could be proven. In addition, during mediation, Defendant produced actual time records and employment records indicating that such unpaid overtime would have been isolated when no time was reported by these Plaintiffs, and that employment periods were short in nature. 2) Plaintiff, VICTORIA PERALES, for an estimated amount of overtime wages for 183.5 hours of overtime during the period of time where

overtime was not being reported, plus 50% of liquidated damages for a two-year statute of limitations period as such wages did not occur beyond that period of time. This, despite the fact that no element of willfulness had yet been proven in this matter, and Defendant deny that same could be proven. In addition, during mediation, Defendant produced actual time records and employment records indicating that such unpaid overtime was limited because this Plaintiff had a six-month period of absence during the claimed period and other statute of limitations issues related to a delayed filing after employment ended. 3) For this reason, a payment plan was also negotiated, in order to maximize the total amount that Plaintiffs would receive. 4) Finally, the Parties separately negotiated the attorneys' fees to be paid to Plaintiffs' counsel.

Courts have recognized that approval of FLSA settlements is warranted when the settlement is fair and reasonable. Thus, here, the Court may approve the Parties' Settlement Agreement, in this case, there were multiple disputed issues among the Parties, and the settlement negotiated and reached by the Parties nonetheless provides all of those who are releasing their claims with relief that is reasonable in light of the claims raised and proof offered, and particularly in light of Defendant' precarious financial position.

Based on the foregoing, the Parties now file this renewed joint motion requesting the Court to approve the settlement terms entered into by the Parties in this action, and to dismiss this action with prejudice.

## III. MEMORANDUM OF LAW

### A. THIS COURT SHOULD APPROVE THE PARTIES' SETTLEMENT AGREEMENT BECAUSE THE AGREEMENT IS A REASONABLE COMPROMISE OF CLAIMS.

In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, in reaching a settlement, the parties may present the district court with a proposed settlement, and the district court may enter an order approving the fairness of

the settlement, and dismissing the case. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354. Thus, when presented with a motion to approve a settlement agreement, the district court must scrutinize the settlement to ensure that it is a fair and reasonable resolution of a bona fide dispute. *See Roldan v. Windhover Ass'n, Inc.*, No. 6:06-cv-1097-0r1-28JGG, 2007 WL 778958, at *3 (M.D. Fla. Mar. 9, 2007) (recognizing that, when determining whether a settlement is fair and reasonable, courts should consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the Plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

Here, the Parties' settlement terms are fair and reasonable because it involves disputed claims, and because it was reached after the Parties exchanged extensive documents and

information bearing on the Plaintiffs' claims, after the Parties received legal advice from their counsel who analyzed the legal and factual issues involved in the case, and after the Parties negotiated a mutually satisfactory resolution of the disputed claims including through a half day of mediation before an experienced mediator. In light of the disputed nature of the claims, and the expected proof in the matter, Plaintiffs will receive what they themselves have estimated and acknowledges to be their unpaid compensation with liquidated damages during the relevant statute of limitations period after consideration of all available information was made available.

**i. The Parties' Settlement Is Fair and Reasonable Given the Disputed Issues in the Case and the Considerable Expense of Additional Litigation, as well as Defendant' financial condition.**

The Plaintiffs allege that they were not paid for all of their overtime hours due to Defendant's policies of paying disputed time and failing to allow them to record all overtime hours. Defendant denied (and continue to deny) the off-the-clock claims. Because of the various disputed issues involved in proving or refuting the Plaintiffs' unpaid overtime claim, the Parties agreed that there was significant risk, on both sides, in proceeding with litigation. For Plaintiffs, in addition to hurdles in proving all claimed overtime hours, there was the additional risk that continued litigation would render Defendant unable to pay all monies to any Plaintiffs given certain business contingencies – leaving Plaintiffs with an essentially worthless judgment, even if they prevailed in the litigation.

When considering whether to approve a settlement under the FLSA, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir.1977); *see also Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 219981, *2 (M.D. Fla. Jan. 26, 2007). In other words, a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen.*

*Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton,* 559 F.2d at 1330.

**ii. The Parties' Settlement Agreement Is the Product of Detailed Analysis and Negotiation, Not Collusion.**

After the Parties had an opportunity to review each other's documents, their attorneys began negotiating a resolution of the FLSA claims. The Plaintiffs, together with their counsel, formulated and proposed settlement figures and communicated the figures to Defendant, through its counsel. Although Defendant deny that Plaintiffs was not fully compensated for the hours they worked, Defendant formulated and proposed its own settlement figures after consultation with counsel. The Parties' counsel then engaged in negotiations, including a half day of mediation with an experienced mediator, based upon their independent calculations of the value of the claims and the evidence supporting their respective positions.

After several rounds of negotiations, the Plaintiffs agreed to settle their FLSA and common law wage claims against Defendant for 20 hours as to most Plaintiffs and 183 hours for one Plaintiff (who had a somewhat different claim) of past wages that were owed, to the extent not already paid, for payment of certain regular hours as well as full liquidated damages for same. 2) An estimated amount of overtime wages for 2 hours of overtime during the period of time where overtime was not being reported, plus 50% of liquidated damages, was calculated for on Plaintiff given her allegations related to pre-clock-in work before midnight. By all accounts, the Parties have agreed to a fair and reasonable settlement amount, and, likewise, a fair and reasonable allocation of the settlement amount. The settlement allocation was adjusted to reflect the Parties' belief that additional litigation is likely to be protracted and expensive, given both the claims and defenses that have been asserted.

The Plaintiffs has been independently represented and counseled by their attorney, Marc Edelman of Morgan & Morgan Tampa, P.A., who was obligated to and did, in fact, vigorously represent them throughout the litigation and the settlement process. Through their participation at mediation and otherwise, Plaintiffs affirmatively and voluntarily agreed to the terms of the Parties' Settlement Agreement by executing it. Thus, there is no suggestion that the settlement is the product of collusion. Rather, the settlement is based on detailed analysis, negotiation, and legal advice. In light of the uncertainty of success and the considerable expense of further litigation, the Parties' settlement is entirely fair and reasonable and should be approved by this Court.

**B. THE PARTIES AGREE THAT PLAINTIFFS' COUNSEL'S FEES ARE REASONABLE.**

The FLSA has a fee-shifting provision which provides that reasonable attorneys' fees and costs should be awarded to a prevailing party. 29 U.S.C. § 216(b). The federal courts have long recognized the importance of Plaintiffs' right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 183 (11th Cir. 1987) (FLSA's fee recovery provision is not collateral to the merits of an FLSA lawsuit, but rather, is an "integral part of the merits" of the lawsuit). A prevailing Plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting S. Rep. No. 94-1011, at 4 (1976), 1976 U.S.C.C.A.N. at 5912).

Here, the Parties have negotiated the amount of attorneys' fees separately from the amounts to be paid to the Plaintiffs in the Settlement and only after agreeing to the amounts of Plaintiffs' settlement, and the Parties agree that the amount of fees paid to the Plaintiffs' counsel under the Parties' Agreement is fair and reasonable. As such, it is appropriate for the Court to approve the Agreement. *See Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222 (M.D. Fla. 2009) (the court can ensure "that no conflict has tainted the settlement is for the parties to reach

agreement as to the Plaintiffs' recovery before the fees of the Plaintiffs' counsel are considered[,]" and "[i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the Plaintiffs' settlement." As such, " if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the Plaintiffs' claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the Plaintiffs' claims; and (3) represents that the Plaintiffs' attorneys' fee was agreed upon separately and without regard to the amount paid to the Plaintiffs, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the Plaintiffs' recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel"); *Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at *3-4 (M.D. Fla. Dec. 26, 2006) (The FLSA does not require the court to assess the fairness of an *agreed* payment of attorneys' fees in settling an individual action). Here, there has been no compromise, *and* Plaintiffs' counsel's fee was negotiated separately and, thus, the Court may approve the Agreement without delay.

## IV. CONCLUSION

Wherefore, the Parties respectfully submit that this Court should approve the Parties' Settlement Agreement, and dismiss this action with prejudice, with each party to bear its own attorney's fees except as agreed to by the Parties in writing.

Respectfully submitted this 4th day of April, 2019.

**/s/ *Marc Reed Edelman***
Marc Reed Edelman, Esq.
FBN: 0096342
**MORGAN & MORGAN, P.A.**
201 N Franklin Street, #600
Tampa, FL 33602-5157
Telephone: (813) 223-5505
Facsimile: (813) 257-0572
Email: MEdelman@forthepeople.com
*Attorney for Plaintiffs*

**/s/ *Eric W. Neilsen***
Eric W. Neilsen, Esquire
FBN: 476757
**NEILSEN LAW GROUP, P.A.**
100 2nd Avenue N., Suite 240
St. Petersburg, FL 33701
Telephone: (727) 350-3240
Facsimile: (727) 499-7166
Email: eneilsen@neilsenlawgroup.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of April, 2019, a true and correct copy of the foregoing was filed electronically via CM/ECF and was furnished via electronic mail and/or U.S. Mail upon the following:

Eric W. Neilsen, Esq.
Neilsen Law Group, P.A.
100 2nd Avenue N., Suite 240
St. Petersburg, Florida 33701
eneilsen@neilsenlawgroup.com
*Attorney for Defendant*

**/s/ *Marc R. Edelman***
MARC R. EDELMAN, ESQ.