UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTORIA PERALES, on her own
behalf and on behalf of others similarly
situated,

v.  CASE No. 8:18-cv-814-T-36TGW

SIMPLY RIGHT, INC., a foreign
profit corporation,

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal With Prejudice (Doc. 37) on the plaintiffs' Fair Labor Standards Act ("FLSA") claims that they were not paid overtime compensation for hours worked in excess of forty in a single workweek. The motion was referred to me.

The plaintiffs requested unpaid back wages at the applicable overtime rate, liquidated damages, costs and attorney's fees (Docs. 1, 20, 21, 23, 24, 26). The parties entered into a settlement agreement in which the defendant agreed to pay a total of $15,000 to resolve this matter (Doc. 37, pp. 3-4). Specifically, each plaintiff agrees to accept $500 in

compensatory and liquidated damages, except for the named plaintiff, who will receive $5,000 (id.). The remainder is an attorney's fee of $8,000 (id., p. 4). Notably, the parties agreed upon the attorney's fee separately and without regard to the amount paid to the plaintiff (id., p. 5).

The parties maintain that the settlement reflects a fair and reasonable compromise of the plaintiff's claims under the circumstances of this case (id., pp. 6-7). Because I find the parties' settlement agreement constitutes a fair and reasonable compromise of this dispute, I recommend that the motion be granted, and the case be dismissed with prejudice.

Compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Therefore, in any FLSA case, the Court must review the parties' settlement to determine whether it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1355. The Court is also required to ensure that counsel's fee is reasonable not only so that counsel is compensated adequately, but so that

2

no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. See Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

When evaluating whether a compromise is fair and reasonable, courts examine the following factors: (1) whether there was fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings; (4) the probability of plaintiff's success; (5) the range of possible recovery and (6) counsel's opinion. See Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Keeping these factors in mind, I note that the parties settled this matter after negotiations which considered, among other things, the cost and time of continued litigation, and the uncertainty and risks associated with continued litigation (Doc. 37, pp. 6-7). The parties exchanged discovery and the plaintiffs responded to court interrogatories (see Docs. 37, pp. 6-7; 19-24; 26) which further shows that the settlement was a well-informed decision. Significantly, the defendant's "precarious financial position" also created a "risk that continued litigation would

render Defendant unable to pay all monies to any Plaintiffs...[thereby] leaving Plaintiffs with an essentially worthless judgment, even if they prevailed in the litigation" (Doc. 37, pp. 5, 7).

Furthermore, both parties have been represented by competent counsel throughout the proceedings, during which they exchanged extensive documentation and participated in a one-half day mediation before an experienced mediator (Docs. 35; 37, pp. 6-7). Moreover, it was not until months after the mediation that the parties reached a resolution (see Docs. 35, 37), which indicates that counsel vigorously advocated for their respective clients and did not rush into a settlement. Accordingly, on the facts of this case, I find the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." DeGraff v. SMA Behavioral Health Servs, Inc., 945 F.Supp.2d 1324, 1328 (M.D. Fla. 2013), quoting Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1354.

As to the attorney's fee, the plaintiff did not provide time sheets detailing counsel's time, or the hourly rate, although counsel stated that the total attorney's fee in this matter was $9,375, which they

compromised as part of the settlement process (Doc. 37 p. 4). The lack of additional information, however, does not undermine the Court's ability to evaluate the reasonableness of the parties' settlement as I do not find the amount of the attorney's fee to be unreasonable on its face. See DeGraff v. SMA Behavioral Health Servs, Inc., supra, 945 F. Supp.2d at 1329. Generally, courts in this district have agreed that:

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Bonetti v. Embarq Mgmt. Co., 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009); see also Mason v. Wyndham Vacation Ownership, Inc., 2012 WL 570060, at *3 (M.D. Fla. 2012); Church v. Conrad Yelvington Distrib.,

Inc., 2011 WL 6002519, at *2 (M.D. Fla. 2011). Those factors are satisfied here (see Doc. 37). Therefore, "there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." Bonetti v. Embarq Mgmt. Co., supra, 715 F. Supp.2d at 1228. In sum, I find the terms of the settlement agreement are fair, just, and in accordance with the FLSA. See Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1352-53.

Consequently, I recommend that the Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal With Prejudice (Doc. 37) be **GRANTED**, and this case be dismissed with prejudice.

>Respectfully submitted,
>
>_/s/ Thomas G. Wilson_
>THOMAS G. WILSON
>UNITED STATES MAGISTRATE JUDGE

DATED: May 8, 2019

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's

right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.